994 F.2d 427
 Clyde H. BELLECOURT, Appellant/Cross-appellee,
v.
UNITED STATES of America; Federal Bureau of Prisons; J.
Michael Quinlan, Director of Federal Prisons, Washington,
D.C., in his official capacity; Federal Medical Center,
Rochester, Minnesota, a division of the Federal Bureau of
Prisons; Peter Carlson, Warden, Federal Medical Center,
Rochester, Minnesota, in his official capacity; Dr. Michael
Trujillo, Medical Director, Federal Medical Center,
Rochester, Minnesota, in his official capacity; Cliff
Friese, Lieutenant, Federal Medical Center, Rochester,
Minnesota, in his official and individual capacities; Dr.
Alan Wynne, Resident Physician, in his individual capacity
and his official capacities as resident physician for Mayo
Foundation and as an employee of the Federal Medical Center,
Rochester, Minnesota; Sarah Urriste, Physicians' Assistant,
in her individual capacity and in her official capacities as
Physicians' Assistant for Mayo Foundation and as an employee
of the Federal Medical Center, Rochester, Minnesota,
Appellees/Cross-appellants.
 Nos. 92-1818, 92-2002.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 16, 1992.
Decided May 14, 1993.
Rehearing and Suggestion for Rehearing
En Banc Denied July 19, 1993.
 
 Larry B. Leventhal, on the brief, Minneapolis, MN, argued, for appellant.
 Lonnie F. Bryan, Asst. U.S. Atty., Minneapolis, MN, argued, for appellees.
 Laurie J. Miller, Minneapolis, MN, argued (Leo G. Stern, on the brief), for appellee Dr. Alan Wynne.
 Before McMILLIAN, BOWMAN and LOKEN, Circuit Judges.
 McMILLIAN, Circuit Judge.
 
 
 1
 Clyde H. Bellecourt appeals from an order entered in the United States District Court for the District of Minnesota[1] granting summary judgment to appellees in favor of the federal appellees[2] and appellee Dr. Alan Wynne on his civil rights claims and in favor of Dr. Wynne on his state medical malpractice claim and dismissing his Federal Tort Claims Act (FTCA) claim. Bellecourt v. United States, 784 F.Supp. 623, (D.Minn.1992) (Bellecourt ). For reversal appellant argues the district court erred in (1) finding he did not properly present his FTCA claim to the appropriate federal agency, (2) finding the federal appellees and Dr. Wynne were not deliberately indifferent to his serious medical needs and the federal appellees did not discriminate against him on the basis of race or political affiliation in providing medical treatment or in making work assignments, and (3) finding he did not comply with certain state law requirements for filing a medical malpractice claim. For the reasons discussed below, we affirm the order of the district court. Given our disposition of the appeal (No. 92-1818), we do not reach the merits of Dr. Wynne's self-styled cross-appeal (No. 92-2002) and accordingly dismiss that appeal as moot.
 
 I.
 
 2
 Appellant, a former inmate of the Federal Medical Center at Rochester, Minnesota (FMC), serving a five-year term for distribution of LSD, on September 16, 1987, at about 12:30 a.m., complained of chest pains. Dr. Wynne, the doctor on duty, physically examined appellant and diagnosed him as having indigestion and gastritis. Dr. Wynne gave appellant an antacid and left after the antacid appeared to relieve appellant's pain, advising him to notify an officer if he needed further attention. An officer checked on appellant every hour throughout the night and found appellant sleeping. Appellant did not request further medical assistance.
 
 
 3
 Appellant appeared for sick call the next morning where an EKG was run and blood was drawn. The EKG showed that a heart attack had occurred earlier that morning, but was not occurring while he was in the clinic. Appellant subsequently reported for a scheduled dental appointment in the outpatient clinic. Appellant filed suit September 18, 1989, against the federal appellees and Dr. Wynne, seeking damages for physical injury, emotional injury, pain and suffering, medical malpractice, and unlawful discrimination. Appellant contended the collective acts and omissions of the federal appellees and Dr. Wynne constituted negligence, medical malpractice, and deliberate and wilful indifference to his health and safety resulting in the unnecessary and wanton infliction of physical injury, permanent heart damage, pain and suffering. Appellant also alleged a FTCA claim.
 
 
 4
 The district court granted the federal appellees' motion for dismissal of appellant's FTCA claim, granted the federal appellees' and Dr. Wynne's motions for summary judgment on appellant's civil rights claims, and granted Dr. Wynne's motion for summary judgment on appellant's medical malpractice claim. The district court found Dr. Wynne to be an independent contractor rather than a federal employee and as such, the district court stated Dr. Wynne was not an appropriate party to the FTCA claim but was for the civil rights and medical malpractice claims. Bellecourt, 784 F.Supp. at 628. The district court found appellant had not properly presented his FTCA claim because he did not prove his "request for administrative remedy" had been actually received. Id. at 629. Regarding appellant's civil rights claims, the district court found appellant did not prove deliberate indifference on behalf of the federal appellees or Dr. Wynne. Id. at 635. Appellant's state law medical malpractice claim was dismissed because he failed to satisfy the expert affidavit requirements of Minn.Stat. § 145.682 and because he did not demonstrate excusable neglect for not doing so. Id. at 636-640. This appeal and cross-appeal followed.
 
 II.
 
 5
 In reviewing the district court's grant of summary judgment for the federal appellees and Dr. Wynne, we examine the facts in the light most favorable to appellant. Our standard of review is de novo. Fed.R.Civ.P. 56(c); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986); St. Paul Fire & Marine Ins. Co. v. Federal Deposit Ins. Corp., 968 F.2d 695, 699 (8th Cir.1992); Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir.1992). With regard to the FTCA claim, the district court granted the federal appellees' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), for lack of jurisdiction. Because jurisdiction is a threshold issue for the court, the district court has "broader power to decide its own right to hear the case than it has when the merits of the case are reached." Osborn v. United States, 918 F.2d 724, 729 (8th Cir.1990). In the present case, the attack on jurisdiction was factual and this court must review the district court's findings under the clearly erroneous standard. Id. at 730.
 
 
 6
 Appellant first contends the district court erroneously dismissed his FTCA claim against the federal appellees for inadequate presentment because he failed to show the federal appellees actually received his administrative claim. Appellant argues the district court improperly placed the burden of proving presentment on him and failed to follow the rule that a letter when placed in the mail is presumed to be delivered and received. The presumption of receipt can be rebutted by evidence of non-receipt, which appellant argues should have been required of the federal appellees.
 
 
 7
 The federal appellees argue that appellant failed to comply with jurisdictional requirements of the FTCA and did not use the appropriate forms for filing an administrative claim. The FTCA is a limited waiver of sovereign immunity which requires compliance with the conditions enacted by Congress. These conditions are construed narrowly and include the requirement that before filing an FTCA action the claimant "present" an administrative claim requesting a sum certain in damages to the appropriate federal agency and that the claim be finally denied. 28 U.S.C. § 2675(a).
 
 
 8
 Presentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant. See, e.g., Bailey v. United States, 642 F.2d 344, 347 (9th Cir.1981); Melo v. United States, 505 F.2d 1026, 1028-29 (8th Cir.1974). In the present case it is undisputed that (1) appellant sent a "request for administrative remedy" to the associate warden at FMC; (2) appellant intended to comply with the FTCA despite the use of the incorrect form for a FTCA claim; (3) the "request for administrative remedy" was not mailed by certified mail; (4) the "request for administrative remedy" was not received by the Federal Bureau of Prisons; and (5) the "request for administrative remedy," although prepared by counsel, did not request money damages.
 
 
 9
 The district court found that appellant failed to establish actual presentment and dismissed the FTCA claim against the federal appellees for lack of jurisdiction, Bellecourt, 784 F.Supp. at 629; we hold the district court's finding was not clearly erroneous.
 
 III.
 
 10
 Appellant next contends that the district court misapplied the standard for finding Fifth and Eighth Amendment violations and erred in finding the federal appellees and Dr. Wynne were not deliberately indifferent to his serious medical needs and the federal appellees did not discriminate against him on the basis of race or political affiliation in providing medical treatment or in making work assignments. Id. at 632-635. Appellant argues the district court improperly assumed that the alleged instances of inattention to his medical needs amounted to professional decisions constituting proper treatment. Appellant contends the district court erred by not considering the combination of actions by the federal appellees and Dr. Wynne as constituting deliberate indifference. Appellant also alleges the federal appellees violated his due process and equal protection rights because he is a Native American and a known political activist who, even though he was over the age of 50, was assigned to work in food service at FMC in violation of FMC policy. In addition, appellant claims medical treatment at FMC was administered in a discriminatory manner.
 
 
 11
 The federal appellees argue that the district court correctly found that appellant failed to provide specific proof of purposeful discrimination in the provision of medical treatment. They also contend appellant's conclusory allegation regarding his work assignment is inadequate to prevent entry of summary judgment and in any event appellant has no constitutional right to a particular work assignment in prison. The federal appellees also argue appellant failed to specifically allege prison officials conspired to deprive appellant of equal protection of the laws as required by 42 U.S.C. § 1985(3).
 
 
 12
 The district court found the record showed that the federal appellees and Dr. Wynne were not deliberately indifferent to appellant's serious medical needs. Bellecourt, 784 F.Supp. at 635. We agree. The fact that Dr. Wynne misdiagnosed the appellant's condition, that his method of physical examination and treatment may not have followed community standards, or that he disagreed with appellant's suggested course of treatment does not amount to deliberate indifference in violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); Smith v. Jenkins, 919 F.2d 90, 93 (8th Cir.1990); Randall v. Wyrick, 642 F.2d 304, 308 (8th Cir.1981). The district court also found that beyond bare allegations of violations of his civil rights because appellant is a Native American and politically active, appellant provided no facts to support his claims of discrimination or conspiracy. We hold the district court did not err in granting summary judgment in favor of the federal appellees and Dr. Wynne on appellant's civil rights claims.
 
 IV.
 
 13
 Appellant next argues the district court improperly dismissed his pendent state law medical malpractice claim against Dr. Wynne. The district court found that appellant did not present an expert affidavit within the time limits of Minn.Stat. § 145.682,[3] and failed to establish excusable neglect; therefore, the district court dismissed the claim with prejudice. Bellecourt, 784 F.Supp. at 636-639. Appellant argues the state law does not require an expert affidavit if expert testimony is not necessary to establish liability, and that expert testimony was not needed in the present case because the symptoms and treatment for a heart attack are well known. See Miller v. Raaen, 273 Minn. 109, 139 N.W.2d 877, 880 (1965) (summary of medical malpractice cases were expert testimony not needed to establish liability). Appellant further contends that his noncompliance can be remedied by extending the time to file an expert affidavit.
 
 
 14
 Dr. Wynne argues the district court correctly decided that appellant did not establish excusable neglect for his failure to timely file the required expert affidavits and that expert testimony was necessary for appellant to pursue this action. We agree. Appellant's claim that Dr. Wynne failed to properly diagnose his heart attack is not the kind of case where the alleged negligence "speaks for itself" without expert medical opinion. See Todd v. Eitel Hospital, 306 Minn. 254, 237 N.W.2d 357, 361 (1975) (distinguishing failure to properly diagnose malignancy, which would require expert testimony, from having a sponge inside body following surgery, which would not). We hold the district court did not err in dismissing appellant's medical malpractice claim with prejudice.
 
 V.
 
 15
 Appellant also argues that the federal appellees and Dr. Wynne violated the requirements of Minn.Stat. § 144.651, the state medical "bill of rights." He argues summary judgment was not appropriate because genuine issues of material fact existed. The district court found that summary judgment was warranted because, beyond a general allegation that the federal appellees and Dr. Wynne had violated this statute, appellant neither stated which provision of the statute was violated nor provided any specific facts supporting his allegations. Bellecourt, 784 F.Supp. at 636. We agree that appellant did not establish sufficient facts to raise a genuine issue for trial, and hold the district court did not err in granting summary judgment in favor of the federal appellees and Dr. Wynne.
 
 
 16
 Accordingly, we affirm the order of the district court dismissing appellant's FTCA claims, and granting summary judgment on appellant's other claims. Given our disposition of the appeal (No. 92-1818), we do not reach the merits of Dr. Wynne's self-styled cross-appeal (No. 92-2002) and dismiss that appeal as moot.
 
 
 
 [1]
 The Honorable David S. Doty, United States District Judge for the District of Minnesota
 
 
 [2]
 The federal appellees were the United States, the Federal Bureau of Prisons, J. Michael Quinlan (the director of the Federal Bureau of Prisons), the Federal Medical Center at Rochester, Minnesota, and certain individual staff members at the Federal Medical Center at Rochester--medical director Dr. Michael Trujillo, prison officer Cliff Friese, warden Peter Carlson, and physician's assistant Sarah Urriste
 
 
 [3]
 The statute has two specific expert affidavit requirements--the first expert affidavit must accompany the service of the medical malpractice summons and complaint, the second expert affidavit must be served within 180 days of the commencement of the lawsuit. Minn.Stat. § 145.682. The statute specifically informs litigants that unexcused noncompliance will lead to dismissal with prejudice of each cause of action as to which expert testimony is necessary to establish a prima facie case