21 F.3d 432
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Wallace D. MUHAMMAD, Appellant,
v.
Dr. KING; Dr. Hawkins; Sue Labuary; Jim Jones, Appellees.
 No. 93-2214.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 6, 1994.
Filed: April 28, 1994.
 
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Wallace D. Muhammad, a Missouri inmate, appeals from the district court's[1] order granting summary judgment in favor of defendants in this 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 Muhammad filed a pro se complaint and an amended complaint under section 1983 alleging that defendants, who are employees of the Missouri Training Center for Men in Moberly (MCC), acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment by failing to provide him eyeglasses when requested; altering his prescriptions; denying his grievance concerning the unauthorized alterations; and denying him a special diet for his hypertension. Muhammad alleged his due process rights under the Fourteenth Amendment were violated when defendants seized and destroyed his two-year supply of personal medication. On defendants' motion, the district court granted summary judgment and denied Muhammad leave to file a second amended complaint.
 
 
 3
 We review the district court's grant of summary judgment de novo and view the facts in the light most favorable to the non- moving party. Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993), cert. denied 114 S. Ct. 1049 (1994). To prevail on an Eighth Amendment claim, Muhammad must prove that defendants acted with deliberate indifference to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). See also Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993). Muhammad did not submit evidence to rebut medical records showing that he received continuous treatment for his conditions and medication as prescribed. To the extent he is alleging a difference of opinion as to medical treatment, such disagreement is not actionable under section 1983. See Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990). While a delay existed in supplying Muhammad eyeglasses, he did not prove the delay created an acute or escalating situation. See Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990). Thus, the submitted facts show that Muhammad could not prevail on an Eighth Amendment claim.
 
 
 4
 As to Muhammad's due process claim, Muhammad does not show that the prison policy of confiscating drugs brought by arriving prisoners is not reasonably related to a legitimate penological interest. See Orebaugh v. Caspari, 910 F.2d 526, 527-28 (8th Cir. 1990) (per curiam). Furthermore, Muhammad does not show a state law or prison regulation creating a protectible property interest. The MCC regulation requiring confiscation does not create such an interest. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 462-63 (1988).
 
 
 5
 We have considered Muhammad's remaining contentions and find them to be without merit.
 
 
 6
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri, adopting the report and recommendations of the Honorable Frederick R. Buckles, United States Magistrate Judge for the Eastern District of Missouri