# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2903

_____

Irene C. Walker,                              *
                                              *
            Appellant,                        *
                                              *    Appeal from the United States
      v.                                      *    District Court for the
                                              *    Eastern District of Arkansas.
United States of America,                     *
                                              *
            Appellee.                         *

_____

Submitted:  April 19, 1999
Filed:  May 3, 1999

_____

Before WOLLMAN, HANSEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Irene C. Walker appeals from the district court[1] judgment against her in her Federal Tort Claims Act (FTCA) suit.  For reversal, Walker argues the district court erred in finding she failed to timely file an administrative claim.  We affirm.

On June 30, 1993, doctors at the Brooke Army Medical Center (Brooke) installed a prosthesis to Walker's left knee.  On September 7, 1993, while doctors at Brooke were manipulating Walker's left leg, it broke.  On March 13, 1996, Walker

_____

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

presented to the United States an administrative claim on Standard Form 95. Where the form requested the basis of Walker's claim, she described both the June 1993 knee operation and the September 1993 leg fracture. Elsewhere on the form, Walker gave September 7, 1993, as the date of the accident and the onset of her pain. Attached to the administrative claim were sixteen pages of medical records from her hospital stays relating to the knee operation and leg fracture.

On March 4, 1997, Walker brought this FTCA action against the United States, claiming its agents and employees at Brooke had committed medical malpractice while treating her left knee. Walker claimed the agents and employees committed malpractice by improperly sizing and installing the prosthesis; breaking her leg; and failing to diagnose, treat, and take "proper medical and surgical action" to correct the former errors. The district court determined it lacked subject matter jurisdiction to hear the claim after finding that the only claim presented in Walker's administrative claim concerned the September 1993 leg fracture; that the administrative claim was presented more than two years after Walker should have become aware of the leg fracture; and that Walker's FTCA suit therefore was barred by the FTCA's limitations provision.

For a district court to have jurisdiction over a claim in an FTCA suit, the claim must first have been presented to the appropriate federal agency, see 28 U.S.C. § 2675(a), within two years of when the claim accrued, see 28 U.S.C. § 2401(b); Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993), cert. denied, 510 U.S. 1109 (1994); Osborn v. United States, 918 F.2d 724, 728, 731 (8th Cir. 1990).

Which claims Walker presented in her administrative claim was a disputed factual question, and is reviewed for clear error. See Bellecourt, 994 F.2d at 430. The district court's determination that the September 1993 leg fracture was the only claim presented is not clearly erroneous as the administrative claim listed September 7, 1993, as the date of the accident and the onset of pain. Because the administrative

claim was not presented within two years of when Walker should have known of the fact of injury and its cause, the district court correctly determined that the claim was not timely. See K.E.S. v. United States, 38 F.3d 1027, 1029, 1030 n.2 (8th Cir. 1994).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.