**Stephen George, LANG, Plaintiff,**

v.

**Robert RUBIN, et al., Defendants.**

**No. Civ. 98–3156(JBS).**

United States District Court,
D. New Jersey.

May 14, 1999.

---

Stephen George, Lang, Pennsville, NJ, pro se.

Faith Hochberg, United States Attorney, Camden, NJ by Louis J. Bizzarri, Assistant U.S. Attorney, Charles M. Flesch, Trial Attorney, Tax Division, United States Department of Justice, Washington, D.C., for defendants.

**OPINION**

SIMANDLE, District Judge.

On July 6, 1998, Plaintiff Stephen George, Lang, *pro se,* filed a Complaint, entitled "Non–Statutory Common Law Venue Verified Petition for Writ of Mandate for the Abatement of Taxes; for a Stay of Proceeding...." The Complaint alleges claims against Robert E. Rubin, the Secretary of the Treasury; Margaret Milner Richardson, the former Director of the Internal Revenue Service ("IRS"); Carol M. Landy, the Director of the IRS Service Center in Holtsville, New York; Lois Dowd, Chief of the IRS Automated Collection Branch in Philadelphia, Pennsylvania; Lynn Van Savage, a Tax Examiner in the New Jersey District of the IRS, and Robert F. Hilgen, the former District Director for the IRS' Philadelphia District. Plaintiff seeks to recover an abatement of the tax assessments which have been made against him in previous years and to enjoin the collection of his tax liabilities in the future. Now before the Court is the defendants' motion to dismiss pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

## I. *BACKGROUND*

The plaintiff's Complaint is somewhat convoluted, but essentially, it states the following. Plaintiff claims that he, a natural born American citizen, requested proof from the Secretary of the Treasury and the Director of the IRS that for the years 1993, 1994, 1995, and 1996, the IRS had jurisdiction over him such that assessment of taxes would be proper. (Compl.II, ¶ 6.) Plaintiff claims that he paid his taxes, even though the Internal Revenue Code only covers citizens of the District of Columbia, and then requested a refund of his money. (*Id.* at II, ¶ 9.) Because the defendants allegedly never responded to his claim for a refund, plaintiff says, his responsibilities are discharged, and the IRS has a "ministerial and non-discretionary duty" to "remove all erroneous liens and levies and return all earnings unlawfully seized from

Petitioner." (*Id.* at II, ¶¶ 10–11.) Plaintiff also claims that because the IRS did not refund the amounts he requested in his amended income tax returns for 1993 through 1996, he suffered "mental anguish, embarrassment, and defamation of character" resulting in unspecified damages. (*Id.* at II, ¶ 17.)

By way of relief, plaintiff seeks the release of IRS levies and liens, a refund of wages garnished by the IRS, and injunction prohibiting future collection activity by the IRS, and an award of compensatory and punitive damages.

## II. *DISCUSSION*

On a motion to dismiss, the Court must read a *pro se* plaintiff's factual allegations liberally and must apply a less stringent pleading standard than if the plaintiff was represented by counsel. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Nonetheless, when a motion to dismiss is made pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, for lack of subject matter jurisdiction, the motion may properly raise a factual issue as to the Court's jurisdiction over the Complaint, *Mortensen v. First Federal Savings & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977); *accord Berardi v. Swanson Memorial Lodge No. 48,* 920 F.2d 198, 200 (3d Cir.1990), and no presumption of truthfulness attaches to the allegations of the complaint in as far as they concern subject matter jurisdiction, and the "plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen,* 549 F.2d at 891.

Here, reading the plaintiff's Complaint liberally, it appears that he alleges that the defendants committed a federal tort by assessing taxes against him, that future action in this regard should be enjoined, and that the defendants wrongfully collected his unpaid taxes by garnishing his wages. The first two claims must be dismissed for lack of subject matter jurisdiction, and third must be dismissed because it fails to state a claim upon which relief may be granted.

It is well-established that under the doctrine of sovereign immunity, suits cannot be brought against the United States unless it has expressly consented to be sued, *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976), and the terms of the consent, which must be unambiguously expressed, *United States v. Dalm,* 494 U.S. 596, 607, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990) (quoting *Testan,* 424 U.S. at 399, 96 S.Ct. 948), define the Court's jurisdiction. *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). Though the United States has waived its sovereign immunity for certain tort claims under 28 U.S.C. §§ 2671 *et seq.* and 1346(b), it has not waived its sovereign immunity for common law torts allegedly committed by the IRS concerning the assessment and collection of taxes; a suit based on the assessment or collection of taxes is expressly excluded from the waiver of sovereign immunity under 28 U.S.C. § 2680(c). *See e.g., Fishburn v. Brown,* 125 F.3d 979, 981–982 (6th Cir.1997); *Nat'l Commodity & Barter Ass'n v. Gibbs,* 886 F.2d 1240, 1246 (10th Cir.1989); *Pugh v. Internal Revenue Service,* 472 F.Supp. 350, 352 (E.D.Pa.1979). This is so because another compensatory scheme exists for challenges to taxation. *Gutierrez de Martinez v. Lamagno,* 515 U.S. 417, 427 n. 5, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995).

Here, plaintiff has not sued the IRS directly, but rather has sued the Secretary of the Treasury, the former Director of the IRS, and various local IRS officials. The Complaint states that defendants Landy, Dowd, Van Savage, and Hilgen are sued "in their personal capacity (or alias) as well as collectively." However, the federal tort claims do not survive against them just as they would not survive if brought against the United States. "Sovereign immunity applies also when a federal official is sued in his or her official capacity as an agent of the United States," *see Atkinson v. O'Neill,* 867 F.2d 589, 590 (10th Cir.1989) (citing *Hawaii v. Gordon,*

373 U.S. 57, 58, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963)); *Burgos v. Milton,* 709 F.2d 1, 2 (1st Cir.1983); *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985); *Breyer v. Meissner,* 23 F.Supp.2d 540, 544 (E.D.Pa. 1998), for that is the same as suing the government itself, and thus this Court lacks subject matter jurisdiction over the federal tort claims against defendants Rubin and Richardson, as well as those against the other defendants in their official capacity. *See also Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

■ Nor does the fact that plaintiff claims that four of the defendants are sued "in their personal capacity" save those claims. Here, as in *Wheeler v. O'Hanlon,* 1995 WL 809754 (W.D.Pa.), *aff'd,* 96 F.3d 1437 (3d Cir.1996), "it is far from clear the Defendants are properly being sued in their individual capacities." *Id.* at *2. Though plaintiff states that some of these defendants are sued "in their personal capacities," he is really complaining of actions they took as employees of the IRS and he states no allegations that would show that defendants acted in any other capacity. "An action may not be maintained against a government employee in her individual capacity when the real party in interest is the United States." *Bombalski v. United States,* 1991 WL 734363, *2 (W.D.Pa.), *aff'd,* 972 F.2d 1330 (3d Cir. 1992). Because plaintiff's true "tort" claim lies in the improper assessment of taxes, the real party-in-interest is the United States. *See Freck v. IRS,* 37 F.3d 986, 988 n. 1 (3d Cir.1994). Thus, the Court lacks subject-matter jurisdiction over any tort claim against the defendants for improper assessment of taxes.

■ Moreover, even if plaintiff has adequately plead that these individuals were being sued in their individual capacity for a constitutional tort, thus attempting a *Bivens*-type action, see *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), he has not stated a claim. Courts are reluctant to

extend *Bivens* remedies into new areas, and when Congress has designed a system of statutory remedies, it is Congress which decides whether a *Bivens* remedy would serve the public interest. *See Schweiker v. Chilicky,* 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988). Congress has set out a remedy for taxes which were allegedly improperly assessed: to pay the taxes, file a claim for a refund, and, if that refund is denied, to sue the *United States* itself for that refund pursuant to 26 U.S.C. § 7422(a). As Congress has set out the remedy for improper assessments, no *Bivens* action should be implied. *See Wages v. Internal Revenue Service,* 915 F.2d 1230, 1235 (9th Cir.1990); *Bombalski,* 1991 WL 734363.

■ Nor does the Court have subject-matter jurisdiction to enjoin present or future collection of plaintiff's income tax and penalties. The Anti–Injunction Act, 26 U.S.C. § 7421(a), provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." *Id.* While there are certain statutory exceptions to this rule, those statutory exceptions do not apply in these circumstances. As the Supreme Court stated in *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 7–8, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), the plaintiff could avoid the bar of the Anti–Injunction Act only by showing: (1) the presence of equity jurisdiction (irreparable harm and absence of a legal remedy), and (2) that there is no chance that the government will ultimately prevail on the merits. *See also Flynn v. United States,* 786 F.2d 586, 589, 591 (3d Cir.1986). Here, plaintiff has demonstrated neither. Thus, the Court lacks subject-matter jurisdiction to issue an injunction.

■ Finally, the plaintiff has failed to state claim upon which relief can be granted based upon wrongful collection of taxes through the wage levy. 26 U.S.C. § 7433(a) provides that:

(a) In General—If, in connection with any collection of Federal tax with re-

spect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, disregards any provision of this title or any regulation promulgated under this title, such taxpayer may bring a civil action for damages *against the United States* in a district court of the United States. Except as provided in section 7432, such civil action shall be the *exclusive* remedy for recovering damages resulting from such actions.

*Id.* Though the statute constitutes a limited waiver of the United States' sovereign immunity, allowing individuals to sue the United States when its officials have intentionally or recklessly failed to follow the "prescribed methods of acquiring assets" see *Shaw v. United States*, 20 F.3d 182, 184 (5th Cir.), *cert. denied*, 513 U.S. 1041, 115 S.Ct. 635, 130 L.Ed.2d 540 (1994), by its very terms, the statute does not allow taxpayers to sue the IRS employees themselves. Therefore, the plaintiff fails to state a claim against these defendants for wrongful collection of taxes.

III. *CONCLUSION*

For the foregoing reasons, plaintiff's Complaint shall be dismissed in its entirety. This Court lacks subject-matter jurisdiction over plaintiff's Complaint to the extent to which he is alleging wrongful assessment of taxes and seeking an injunction, and the Complaint fails state a claim to the extent it alleges wrongful collection of plaintiff's taxes. The accompanying Order is entered.

**ORDER**

This matter having come before the Court upon the defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6); and the Court having considered the parties' submissions; and for the reasons expressed in an Opinion of today's date;

IT IS this 14th day of May 1999 hereby

ORDERED that defendants' motion to dismiss the Complaint in its entirety pursuant to Fed.R.Civ.P. 12(b)(1) and (6) be, and hereby is, *GRANTED.*

JUDGMENT is entered for the defendants.