# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1475

_____

James O. Vaughns,                          *
                                           *
            Appellant,                     *
                                           *     Appeal from the United States
       v.                                  *     District Court for the Eastern
                                           *     District of Arkansas.
United States of America; Veterans         *
Administration; Togo D. West, Jr.,         *     [UNPUBLISHED]
Secretary of Veterans Affairs,             *
                                           *

            Appellees.

_____

Submitted: September 13, 2001
Filed: October 10, 2001

_____

Before HANSEN and BEAM, Circuit Judges, and BOGUE,[1] District Judge.

_____

PER CURIAM.

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

James Vaughns appeals the district court's[2] grant of summary judgment in favor of the defendants in this Federal Tort Claims Act (FTCA) action. Vaughns is a veteran of the United States Air Force, serving from 1966-1970. In 1969, while stationed in what was then known as South Vietnam, Vaughns began to experience severe acne. In 1973, after being honorably discharged, Vaughns sought treatment for his skin condition at McClellan Memorial Veterans Hospital in Little Rock, Arkansas. The hospital treated his skin condition with dapsone, but discontinued this treatment after Vaughns experienced a side effect of the medication. The hospital treated him with prednisone from 1973 to 1980 to ameliorate the secondary effect of the dapsone treatment. On October 28, 1993, Vaughns underwent oral surgery at the VA Medical Center in Dallas, Texas, to relieve pain, allegedly caused by the prednisone, in his tempromandibular joint.

On January 29, 1998, Vaughns filed an administrative claim with the Department of Veterans Affairs (Department), alleging that the defendants had committed medical malpractice by treating him with dapsone and prednisone. In an amended claim, Vaughns also alleged that during the surgery on his tempromandibular joint, the oral surgeon committed medical malpractice by severing Vaughns' facial nerves. The Department denied Vaughns' administrative claim and his motion for reconsideration. On October 29, 1999, Vaughns filed a pro se complaint pursuant to the FTCA, asserting the same three claims.

The district court dismissed the dapsone and prednisone claims for want of jurisdiction, concluding that Vaughns had failed to timely present an administrative claim to the appropriate federal agency before filing his FTCA action. See 28 U.S.C. § 2675(a) (1994) (providing that an "action shall not be instituted . . . against the United States for money damages . . . unless the claimant shall have first presented

---

[2]The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

2

the claim to the appropriate Federal agency. . ."); 28 U.S.C. § 2401(b) (1994) (providing that tort claim against the United States shall be "forever barred" unless presented to the appropriate federal agency within two years after the claim "accrues"); Walker v. United States, 176 F.3d 437, 438 (8th Cir. 1999) (stating that timely filing of administrative claim is a jurisdictional prerequisite in FTCA action). In a medical malpractice claim, the claim does not accrue until the plaintiff knows of the fact of injury and its cause. United States v. Kubrick, 444 U.S. 111, 120 (1979). The district court found that Vaughns knew of his dapsone- and prednisone-related injuries by, at the latest, July 29, 1994, or three and one-half years before Vaughns filed his administrative claim with the Department. We review the district court's findings of fact regarding subject matter jurisdiction for clear error and its application of law de novo. Appley Bros. v. United States, 164 F.3d 1164, 1170 (8th Cir. 1999). After careful review, we hold that the district court's findings are not clearly erroneous and its application of law to those facts is proper.

The district court also granted summary judgment in favor of the defendants as to Vaughns' oral surgery claim. The defendants presented an affidavit from a Dr. Flaxman stating that Vaughns had suffered no loss of sensation of the facial nerves, and Vaughns presented no evidence that his facial nerves were severed. See Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029-30 (8th Cir. 2000) (stating that opponent of motion must come forward with specific facts showing there is a genuine issue for trial). Having reviewed the record de novo, see Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993), cert. denied, 510 U.S. 1109 (1994), and finding no error of fact or law, we affirm the judgment of the district court. See 8th Cir. R. 47B.

3

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.