

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-24-2003

# Williams v. Price

Precedential or Non-Precedential: Non-Precedential

Docket No. 00-3117

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Williams v. Price" (2003). *2003 Decisions.* Paper 439.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/439

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-3117

AARON WILLIAMS,

Appellant

v.

SUPERINTENDENT JAMES PRICE; SERGEANT EILER;
OFFICER WILLIAM KOERBEL; DOCTOR STEPHEN STEVENS

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 98-cv-01811)
District Court Judge: Robert J. Cindrich

Submitted Under Third Circuit LAR 34.1(a)
February 11, 2003

Before: ALITO and McKEE, Circuit Judges, and SCHWARZER,[*] District Judge.

(Opinion Filed: June 24, 2003)

OPINION OF THE COURT

---

[*]The Honorable William W Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

PER CURIAM:

Because we write for the parties, the background of this case is not set out in detail. This is an appeal from a final order in a case in which a state prisoner asserted Eighth Amendment claims pursuant to 42 U.S.C. § 1983 against prison officials and a doctor. We affirm.

On appeal, the plaintiff raises three issues. Appellant's Br. at 3-4. The plaintiff first argues that the District Court erred in dismissing his claim against the doctor pursuant to Fed. R. Civ. Proc. 12(b)(6). The plaintiff contends that the complaint adequately asserted an Eighth Amendment claim based on deliberate indifference to serious medical needs. However, we agree with the District Court and the Magistrate Judge that deliberate indifference cannot be proven under the relevant allegations of the complaint. See Steele v. Choi, 82 F.3d 175 (7th Cir. 1996); Bellecourt v. United States, 994 F.2d 427 (8th Cir.l 1993). Furthermore, any attempt to replead would have been futile.

The plaintiff next argues that the District Court erred in holding that he failed to exhaust administrative remedies. The plaintiff advances an interpretation of the Prison Litigation Reform Act under which a prisoner could deliberately bypass all administrative remedies and then file in federal court once the time for pursuing administrative remedies has run out. The language of the PLRA does not compel this result; the plaintiff cites no precedent adopting this construction; and we are convinced that the PLRA was intended to prevent just such tactics. We therefore reject the plaintiff's argument. We likewise conclude that the denial of

the plaintiff's request for an extension of time to file a grievance was not arbitrary or capricious.

Finally, we hold that the District Court did not abuse its discretion in failing to appoint counsel for the plaintiff. We have considered all of the arguments set out in the plaintiff's complaint and find no ground for reversal.