Gerald L. KARNS, Plaintiff,

v.

Mike J. DIX and Thomas A.
Wolden, Defendants.

Civ. No. 04–5031–KES.

United States District Court,
D. South Dakota,
Western Division.

Feb. 1, 2005.

## ORDER GRANTING MOTION TO DISMISS

SCHREIER, District Judge.

Defendants, Mike Dix and Thomas Wolden, move to dismiss. Plaintiff, Gerald Karns, opposes the motion. Defendants' motion to dismiss is granted.

### BACKGROUND [1]

Karns received a final notice of intent to levy and notice of right to a hearing under Internal Revenue Code (IRC) §§ 6330 and 6331 from the Internal Revenue Service (IRS) on August 27, 2003. On September 2, 2003, Karns received another notice from the IRS indicating a federal tax lien filing and right to a hearing under IRC § 6320. This notice indicated that Karns owed balances from the years 1995 through 1999, inclusive. Karns responded on September 19, 2003, with a request for appeals consideration to review the lawfulness of the determinations and other actions taken in his case. On September 29, 2003, Karns also sent a Request for a Collection Due Process Hearing to the IRS, which requested a hearing for the years 1995 through 1999.

Defendant Dix of the IRS responded to Karns on December 12, 2003, indicating that Karns's request for a due process hearing dated September 29, 2003, was untimely because it was filed more than 30 days after the August 27, 2003 Notice of Intent to Levy. Dix indicated if Karns were granted a hearing it would only be an equivalent hearing and not subject to judicial review. Dix also emphasized that the only appropriate subjects for a Collection Due Process Hearing were spousal defenses, appropriateness of collection actions, and alternate collection options.[2] Dix not-

Gerald L. Karns, Spearfish, SD, pro se.

Diana J. Ryan, Rapid City, SD, Gregory E. Van Hoey, Washington, DC, for Defendants.

---

1. The background information comes from Karns's complaint and its attachments.

2. 26 U.S.C. § 6330(c)(2)(A) notes that the only issues reviewable at a collection due process hearing include:
 (i) appropriate spousal defenses;

(ii) challenges to the appropriateness of collection actions; and
(iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.

ed that a taxpayer may only challenge the existence or amount of the underlying liability where the taxpayer had not received a statutory notice of deficiency.[3] Dix noted the file indicated that Karns had been issued statutory notice for each of the years in question and that the time to challenge those amounts would have been upon receipt of those statutory notices. Dix finally told Karns to submit allowable topics for discussion by December 29, 2003. Dix finally noted that he would prefer to handle the matter through correspondence and via telephone.

Karns responded to this letter on December 27, 2003, insisting upon a face-to-face hearing and professing his willingness to travel for the hearing. Karns also reiterated his previous objections and added that he challenged the procedures used, notices sent, and returns used in making the assessment, alleging he had never had an opportunity or notice to challenge these matters.

Dix responded in a letter dated January 26, 2004, that the underlying assessments appeared valid, Karns had previous opportunity to challenge the assessments, and Karns would not be allowed to dispute those matters. Dix informed Karns no face-to-face hearing would be held and that resolution of the matter would be handled via telephone and correspondence. Dix also extended Karns's deadline to February 9, 2004, for Karns to submit materials for appropriate considerations, such as collection alternatives.

Karns responded to Dix on February 9, 2004, that he was not challenging the underlying assessments, only the procedures used to determine the assessment, which if improper, would invalidate any collection. Karns noted that 26 C.F.R. § 301.6330–1(d)(2) requires the IRS to provide him

with a Collection Due Process Hearing upon his request and any refusal to provide the hearing would result in litigation.

On February 25, 2004, defendant Wolden issued a Notice of Determination letter to Karns indicating his right to appeal within 30 days to the Tax Court. The determination found the tax valid for 1995 through 1999 and indicated the IRS's decision not to withdraw the Notice of Federal Tax Lien which was issued on September 2, 2003. The letter indicated that to the best of Wolden's knowledge, all the requirements of law and procedure had been met in the process.

Karns filed his federal complaint on March 25, 2004. Karns requested equitable relief only, including a declaration that his due process rights were violated and that the two named defendants should be terminated from the IRS. Karns also requested that defendants be required to comply with the law. Finally, Karns sought fees and costs and any other relief the court deemed appropriate. Defendants move to dismiss pursuant to Fed. R.Civ.P. 12(b)(1), (5), and (6).

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) will be granted in cases where the court finds it lacks subject matter jurisdiction over plaintiff's claims. A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) will be granted in cases where the court finds that the plaintiff's service of process was insufficient.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the court to review only the pleadings to determine whether they state a claim upon

---

**3.** A person may only dispute the "existence or amount of the underlying tax liability if the person did not receive any statutory notice of deficiency ... or did not otherwise have an opportunity to dispute such tax liability." 26 U.S.C. § 6330(c)(2)(B).

which relief can be granted. In considering a motion to dismiss, the court assumes that all facts alleged in the complaint are true, construes the complaint liberally in the light most favorable to the plaintiff, and affirms the dismissal only if "it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to relief." *Coleman v. Watt,* 40 F.3d 255, 258 (8th Cir.1994). "The issue is not whether a claimant will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), overruled on other grounds by *Davis v. Scherer,* 468 U.S. 183, 191, 104 S.Ct. 3012, 3017, 82 L.Ed.2d 139 (1984).

■ Pro se complaints should be construed liberally. *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir.2004). Despite this rule, a plaintiff must still "allege sufficient facts to support the claims advanced." *Id.*

### DISCUSSION

Defendants cite a number of reasons why Karns's complaint must be dismissed, including failure to state a claim, lack of jurisdiction, and failure to pursue administrative remedies. For any number of various reasons, Karns's complaint is dismissed.

### 1. Individual Capacity Suits

■ Although Karns insists these suits are against Dix and Wolden in their individual capacities only, the underlying facts make clear he has no individual capacity claims against these defendants. Individual capacity claims "involve actions taken by governmental agents outside the scope of their official duties." *Nix v. Norman,* 879 F.2d 429, 431 (8th Cir.1989). Despite Karns's attempt to plead individ-

ual capacity claims, he is clearly complaining of actions these defendants took conducting the usual business of IRS employees. *See Lang v. Rubin,* 73 F.Supp.2d 448, 451 (D.N.J.1999) (court needs to determine plaintiff's true tort claim to determine subject matter jurisdiction). "An action may not be maintained against a governmental employee in [his] individual capacity when the real party in interest is the United States." *Id.* Here, Karns claims that defendants incorrectly applied the IRC in regards to his alleged tax liability. Because Karns's true tort claim lies in the improper assessment of taxes, the court lacks subject matter jurisdiction over Karns's complaint.

■ Additionally, even if Karns adequately pleaded that defendants were being sued in their individual capacities for a constitutional tort, thus attempting a *Bivens*-type action, *see Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), he has not stated a claim. Courts are reluctant to extend *Bivens* to new areas and it is Congress who should determine the appropriate remedy to serve the public interest. *Vennes v. An Unknown Number of Unidentified Agents of the United States,* 26 F.3d 1448, 1453 (8th Cir.1994). Congress has determined that a taxpayer's damages claims for constitutional violations or otherwise lie exclusively within the Internal Revenue Code. *Vennes v. An Unknown Number of Unidentified Agents of the United States,* 26 F.3d 1448, 1453–54 (8th Cir.1994).

■ Karns also claims to bring this action under the Federal Tort Claims Act to circumvent any possible immunity claims. Karns, however, then must allege that he exhausted his administrative remedies as a jurisdictional requirement. *Bellecourt v.*

*United States,* 994 F.2d 427, 430 (8th Cir. 1993). Karns has not alleged exhaustion of administrative remedies.

 Finally, even if this court allowed Karns to proceed on his individual capacity claims, it is clear that these defendants would be entitled to receive qualified immunity. In order to successfully assert qualified immunity, defendants must demonstrate "good faith performance of discretionary duties." *King v. Beavers,* 148 F.3d 1031, 1034 (8th Cir.1998). *See also Pesci v. Internal Revenue Service,* 67 F.Supp.2d 1189, 1196 (D.Nev.1999) (finding agents would be allowed qualified immunity in similar circumstances). To avoid qualified immunity, a defendant must have violated a clearly established constitutional right in a manner where it was clear the official would understand his actions violated the rights. *King,* 148 F.3d at 1034.

If Karns had filed his request for a hearing in a timely manner, it would be constitutional error to deny a collection due process hearing. In his complaint, however, Karns admits that Dix's denial of a hearing may have been a good faith misunderstanding of his September 19, 2003, request for a hearing. When Karns submitted the proper form to request a hearing, it was dated September 29, 2003, more than 30 days after the first letter dated August 27, 2003, and Karns admits as much. The court finds that even if individual capacity claims were allowed, defendants acted in good faith and would be entitled to qualified immunity.

**2. Official Capacity Suits**

 Although Karns alleges individual capacity suits against defendants, the suits actually involve official capacity claims. Official capacity claims typically involve unconstitutional governmental poli-

cies or actions taken by governmental agents with final authority. *Nix,* 879 F.2d at 431. The facts alleged in this case meet this description. Suits against government employees in their official capacities are essentially suits against the governmental entities that employ them. *Liebe v. Norton,* 157 F.3d 574, 578 (8th Cir.1998). The real party in interest in this case is the United States. The government, however, has sovereign immunity against suits involving a claim arising from "the assessment or collection of any tax." *Murray v. United States,* 686 F.2d 1320, 1323 (8th Cir.1982) (citing 28 U.S.C. § 2680). A matter arising in connection with a tax levy falls under the prohibition of § 2680. *Id.* at 1324 (finding right of redemption can only arise in connection with tax levy and is therefore barred by § 2680). Thus, Karns's official capacity claims are barred by sovereign immunity.

## CONCLUSION

Karns's claims against defendants Dix and Wolden are dismissed under Rules 12(b)(1) and 12(b)(6). The court does not need to reach defendants' 12(b)(5) motion issues. Accordingly, it is hereby

ORDERED that defendants Dix and Wolden's motion to dismiss (Docket 8) is granted.