# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-4049

———————

Nina V. Daniels,

        Appellant,

v.

United States of America;
General Services Administration,

        Appellees.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Missouri.
\*     [UNPUBLISHED]
\*
\*
\*
\*

———————

Submitted:  May 9, 2005
Filed:  June 16, 2005

———————

Before WOLLMAN, BRIGHT, and BYE, Circuit Judges.

———————

PER CURIAM.

      Nina V. Daniels appeals from the district court's[1] dismissal of her claim. We affirm.

      Daniels allegedly sustained neck and back injuries in November 2000 when her sweater caught on an escalator in a government building in St. Louis, Missouri, managed by the General Services Administration (GSA). Daniels stated in an

———————

[1] The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

affidavit that she informed GSA of her intent to file a claim and filled out the forms that GSA provided to her. Daniels filed a complaint in federal court in July 2003 claiming damages under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680. A declaration from GSA's regional counsel stated that GSA did not have an administrative tort claim on file from Daniels. The district court dismissed the complaint for lack of subject matter jurisdiction, finding that Daniels had failed to exhaust her administrative remedies as required by the FTCA. Daniels did not appeal, but instead sent a letter to the agency requesting a response to her complaint. When she did not receive a response by July 2004, she filed a second, virtually identical complaint. The district court again dismissed the complaint for lack of subject matter jurisdiction. The district court noted that although Daniels stated in her affidavit that she timely completed the claims form, she "[did] not attest that she even delivered the forms. Nor [did] she attest as to how or to whom the forms were delivered."

The FTCA provides a limited waiver of the United States' sovereign immunity when certain jurisdictional prerequisites are met. 28 U.S.C. §§ 2674-75. Before a party may file a lawsuit, she must have "presented the claim to the appropriate Federal agency and [her] claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). The claim is deemed denied by the agency if no response is received within six months. Id. The implementing regulation clarifies that "a claim shall be deemed to have been presented" if the relevant agency receives either "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain." 28 C.F.R. § 14.2 (2000). Because presentment is a jurisdictional prerequisite to suit under the FTCA, and jurisdiction is a threshold issue for the district court to decide, the district court may appropriately resolve legal and factual questions determinative of jurisdiction and may dismiss the case under Federal Rule of Civil Procedure 12(b)(1) if the FTCA requirements are not met. See Osborn v. United States, 918 F.2d 724, 728-29 (8th Cir. 1990). We review for clear error the district court's jurisdiction-determining

findings of fact.  <u>Appley Bros. v. United States</u>, 164 F.3d 1164, 1170 (8th Cir. 1999).
It was Daniels's burden to prove that federal jurisdiction existed under the FTCA.
<u>See</u> <u>Bellecourt v. United States</u>, 994 F.2d 427, 430 (8th Cir. 1993).  In the absence of
proof that she presented a claim to the GSA, the district court lacked subject matter
jurisdiction over the claim.

Daniels's affidavit stated that she filled out the documents provided to her by
the agency, but failed to establish which form she used to make her claim and whether
or how she delivered the form to the agency.  Absent any evidence of the
administrative claim's content or delivery, we conclude that the district court's
finding that Daniels failed to meet her burden of proof is not clearly erroneous.  <u>See,
e.g.</u>, <u>Bellecourt</u>, 994 F.2d at 430 (affirming the district court's finding that the
plaintiff failed to show actual presentment when he used the incorrect form, did not
request money damages, and the agency did not receive the request).

The order of dismissal is affirmed.

_____