# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1350

_____

| | | |
|---|---|---|
| Yolanda H. Allen, | * | |
| | * | |
| Plaintiff - Appellant, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of North Dakota. |
| | * | |
| United States of America, | * | |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted: November 19, 2009
Filed: December 28, 2009

_____

Before MURPHY, SMITH, and BENTON, Circuit Judges.

_____

MURPHY, Circuit Judge.

Yolanda Allen brought this medical malpractice action against the United States Air Force under the Federal Tort Claims Act (FTCA), alleging that she had contracted Hepatitis C from blood transfusions received at the United States Air Force hospital in Grand Forks, North Dakota. Both sides filed for summary judgment. The district court granted summary judgment to the United States and Allen appeals. We affirm in part and reverse in part.

Allen received a blood transfusion at the Air Force hospital in Grand Forks in December 1996 after she experienced complications from a cancer screening exam.

When she was in the same hospital in November 1997 for a hysterectomy, she had a second blood transfusion. Between that time and March 2005, Allen visited the same Air Force hospital eighteen times for a variety of ailments, annual exams, and follow up appointments. She was diagnosed in March 2005 with Hepatitis C after routine blood tests in connection with a life insurance application.

Allen brought an administrative action against the Air Force, alleging that she had become infected with Hepatitis C as a result of either the 1996 or 1997 blood transfusion she received at the base hospital. She claimed that the Air Force had negligently failed to screen the blood prior to her transfusions and had negligently failed to recognize, diagnose, and treat her Hepatitis C symptoms between 1997 and 2005. Allen's administrative complaint was denied.

In January 2007 Allen brought this action pro se against the Air Force in the federal district court, again asserting negligent failure to screen the transfused blood and negligent failure to diagnose and treat her Hepatitis C. She moved for summary judgment in March 2007, alleging for the first time that the Air Force had not obtained her informed consent for either blood transfusion.

Allen retained an attorney in April 2007. Shortly before the expert disclosure deadline, her attorney moved for a continuance because the medical expert retained for her case had suddenly quit. The court granted the continuance and gave Allen until September 30, 2008 to provide the names of her experts and produce their reports.

Allen's attorney filed a motion to withdraw as counsel on September 5, 2008. He explained that "there has been a breakdown in the attorney-client relationship" and that his continued representation of Allen was "no longer possible in an effective manner." The court held a telephone hearing with the attorney on September 9, after which it ordered Allen to respond to the motion to withdraw. Allen filed a response

on September 25 and the court granted the motion to withdraw on September 29. The court's order indicated that it was satisfied that the attorney's withdrawal was "appropriate under the circumstances" and further that:

> Plaintiff stated an intention to proceed pro se in the event counsel is permitted to withdraw. Although the court would encourage her to seek replacement counsel, representing herself is certainly her right. . . . The deadlines and hearing scheduled in this case will remain the same, unless a properly supported motion to the court is made for a change in the existing schedule.

Allen did not seek a continuance following the court's order.

The court granted summary judgment to the United States in January 2009 and dismissed Allen's case with prejudice. The court concluded that it had "allowed Allen more than twenty months to secure expert evidence" and that she had failed to provide "any expert evidence whatsoever" to establish the necessary elements of her claims.

Allen appeals, arguing that the district court erred when it concluded that she needed an expert witness affidavit for her informed consent claim.[1] She also argues that the court abused its discretion by permitting her attorney to withdraw the day prior to the expert witness disclosure deadline. We review a district court's grant of summary judgment de novo and may affirm on any basis supported by the record. Figg v. Russell, 433 F.3d 593, 596 (8th Cir. 2006).

---

[1]Allen argues for the first time in her reply brief that expert testimony should also not be necessary for her negligent screening of blood and negligent failure to diagnose and treat Hepatitis C claims. We will not consider this argument because it was raised for the first time on appeal in her reply brief, Jenkins v. Winter, 540 F.3d 742, 751 (8th Cir. 2008), but we note that Allen's argument is plainly contradicted by North Dakota law. N.D. Cent. Code § 28-01-46 (1997).

Allen appeals the grant of summary judgment on her informed consent claim, asserting that she is not required under the relevant North Dakota law to submit an expert affidavit in support of that claim. The government responds that we lack jurisdiction over Allen's informed consent claim, as she failed to exhaust her administrative remedies. Although the government did not raise this issue before the district court, "[s]ubject matter jurisdiction can be raised at any time." Alternate Fuels, Inc. v. Cabanas, 538 F.3d 969, 975 (8th Cir. 2008). We review the question of subject matter jurisdiction de novo. Myers v. Richland County, 429 F.3d 740, 745 (8th Cir. 2005).

A federal district court does not have jurisdiction over an FTCA claim unless it was "first . . . presented to the appropriate federal agency . . . within two years of when the claim accrued." Walker v. United States, 176 F.3d 437, 438 (8th Cir. 1999). Allen's administrative claim alleged only that she had "presented many times from 1997 to 2005 to the air force base medical personnel" and that "no test for Hepatitis was ordered." Allen responds that her claim was stated in general terms and was sufficient to make out a cause of action for lack of informed consent. While we will "liberally construe an administrative charge for exhaustion of remedies purposes, we also recognize that 'there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made.'" Parisi v. Boeing Co., 400 F.3d 583, 585 (8th Cir. 2005) (quoting Shannon v. Ford Motor Co., 72 F.3d 678, 685 (8th Cir. 1996)). Even given a liberal reading, Allen's administrative charge did not make out a lack of informed consent claim and as a result she failed to exhaust her administrative remedies as to that claim. The district court therefore lacked jurisdiction over Allen's informed consent claim and erred by exercising jurisdiction over the claim. Walker, 176 F.3d at 438.

Allen also argues that the district court abused its discretion by permitting her attorney to withdraw one day before the expert disclosure deadline, without substitute counsel or additional time to retain an expert for her negligence claims. She asserts

that the loss of her attorney imposed severe hardships on her ability to represent herself and engage an expert and that these challenges were exacerbated because she speaks English as a second language. We review for abuse of discretion a district court's decision to allow counsel to withdraw. Fleming v. Harris, 39 F.3d 905, 908 (8th Cir. 1994). District courts are similarly given broad discretion when deciding whether to grant continuances, and denials "can be reversed on appeal only for an abuse of discretion." United States v. Yockel, 320 F.3d 818, 827 (8th Cir. 2003).

We are mindful that Allen faced significant challenges proceeding pro se on her negligence claims, no doubt compounded by the fact that she speaks English as a second language. Allen had more than three weeks, however, between the date her attorney moved to withdraw and the deadline for expert disclosure in which she could have sought a continuance. She did not request one during that period or at any time following her attorney's withdrawal. When asked by the district court whether she intended to obtain alternative counsel in the event her attorney was allowed to withdraw, Allen expressed an intention to proceed pro se. The court thus had no reason to know that Allen desired additional time to obtain new counsel. The fact that the order was filed the day prior to the expert disclosure deadline was unfortunate, but within the context of the case it did not rise to an abuse of discretion.

A plaintiff who asserts a medical malpractice claim under North Dakota law must file an expert affidavit with the court within three months of filing her lawsuit, unless good cause is shown and the court grants additional time. Weasel v. St. Alexius Medical Ctr., 230 F.3d 348, 350 (8th Cir. 2000). In this case, the three month time period expired in May 2007. The district court provided Allen with an additional sixteen months past that deadline to submit an expert affidavit, and she had still failed to do so at the time the court granted summary judgment. The district court did not abuse its discretion by not sua sponte granting Allen a continuance to retain new counsel or an expert witness when she never made such a request.

Accordingly, we reverse the judgment deciding the merits of Allen's informed consent claim and dismiss it for lack of jurisdiction and affirm the judgment of the district court on her remaining claims.

_____