Joyce **GARLAND–SASH, an individual, as next best friend of Sabrina Jenny Garland–Sash, a minor child, Plaintiff–Appellant,**

**Sareena Penny Garland–Sash, a minor child, Plaintiff,**

v.

**David LEWIS, Counselor, M.C.C., Defendant–Appellee,**

**The Federal Bureau of Prisons, Warden Gregory Parks, M.C.C., Marvin D. Morrison, M.C.C., Exec. Asst. J.D. Robinson, Assoc. Warden Patricia Rodman, M.C.C., Assoc. Warden Jerry Martinez, M.C.C., Agent Carrino, Special Investigating, M.C.C., Captain A. Beard, M.C.C., Deputy Captain Blan-**

gor, M.C.C., Unit Manager John Harrington, M.C.C., Case Manager Diane Ford, M.C.C., Does 1 to 25, all above in their official capacities, and all above as individuals, Defendants–Appellees.[*]

No. 08–0740–cv.

United States Court of Appeals, Second Circuit.

Oct. 8, 2009.

Michael Scudder, Skadden Arps, Slate, Meagher & Flom LLP (Cyrus Amir–Mokri, on the brief), Chicago, IL, for Appellant.

Allison D. Penn, Assistant United States Attorney (Sarah S. Normand, Assistant United States Attorney, on the brief), for Lev L. Dassin, Acting United States Attorney for the Southern District of New York, New York, NY, for Appellees.

PRESENT: PIERRE N. LEVAL and REENA RAGGI, Circuit Judges and DENISE COTE,[**] District Judge.

[*] The Clerk of Court is directed to amend the caption to read as shown above.

## SUMMARY ORDER

Plaintiff Joyce Garland–Sash, proceeding *pro se,* appealed from an October 22, 2007 judgment entered on consent against defendant David Lewis in the amount of $50 after the dismissal of the balance of her claims against Lewis and the remaining defendants. Following appointment of *pro bono* counsel by this court, Garland–Sash challenges the district court's (1) limitation of the damages available against Lewis on plaintiff's Computer Fraud and Abuse Act (CFAA) claim, *see* 18 U.S.C. § 1030; and (2) jurisdictional dismissal of her potential Federal Tort Claims Act (FTCA) claim, *see* 28 U.S.C. § 2671 *et seq.* We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

1. *Limitation of Damages Under 18 U.S.C. § 1030(g)*

Garland–Sash, who is the wife of a prisoner at the Metropolitan Correctional Center ("MCC"), brought this action against Lewis, an employee of the MCC, under the CFAA, seeking compensatory and punitive damages for Lewis's alleged intentional deletion of Garland–Sash's name from a Bureau of Prisons computer file containing her husband's authorized visitor record, with the consequence that she was not admitted when she came to visit her husband. The district court ruled that 18 U.S.C. § 1030(g) limits a plaintiff's compensatory recovery to economic loss and precludes an award for her emotional injury and punitive damages. Garland–Sash's claim of economic loss was limited to $50. Rather than contest her claim, Lewis consented to judgment in the amount of $50. Garland–Sash then brought this appeal

contending, in part, that the district court erred in ruling that only economic loss is compensable under § 1030(g). She asserts that the district court, in ruling that § 1030(g) allowed only economic damages, relied on decisional authority construing a superseded version of the statute.

Lewis, who is no longer employed by the Bureau of Prisons and whose whereabouts are unknown, has not appeared to defend the appeal. Because the appellee has defaulted in defending an appeal wherein it appears the appellant's contentions have likely merit, we remand to the district court to reconsider whether the judgment should be vacated.

In ruling that the CFAA allows for compensation of only economic loss, the district court relied on opinions which construed an earlier version of § 1030(g), which indeed limited recovery to economic damages in most instances. *See* 18 U.S.C. § 1030(g) (1996) ("Damages for violations of any subsection other than subsection (a)(5)(A)(ii)(II)(bb) or (a)(5)(B)(ii)(II)(bb) [claims relating to medical records] are limited to economic damages."); *Letscher v. Swiss Bank Corp.,* No. 94 Civ. 8277, 1996 WL 183019, at *3 (S.D.N.Y. Apr.16, 1996) (construing the no-longer effective version of § 1030(g) and concluding that it "does not provide recovery for emotional distress"); *see also In re DoubleClick Inc. Privacy Litig.,* 154 F.Supp.2d 497, 525 n. 33 (S.D.N.Y.2001) (citing *Letscher* in support of the proposition that "only economic losses are recoverable under § 1030(g)"). Prior to accrual of Garland–Sash's claim, however, the statute was amended. The new version applicable to Garland–Sash's claim provides for a civil action to obtain "compensatory damages."[1]  18 U.S.C.

---

1. The new version of 18 U.S.C. § 1030(g) provides in relevant part:

    Any person who suffers damage or loss by reason of a violation of this section may

maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief.

§ 1030(g); *see also* Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act of 2001, Pub.L. No. 107–56, § 814, 115 Stat. 272, 382–84 (amending 18 U.S.C. § 1030). The law generally construes the phrase "compensatory damages" to include damages for pain, suffering, and other emotional harms. *See, e.g., Cooper Indus., Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 437 n. 11, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001) (observing that pain and suffering are generally available as species of compensatory damages); *Fort v. White,* 530 F.2d 1113, 1116 (2d Cir.1976) (same); 1 JEROME H. NATES ET AL., DAMAGES IN TORT ACTIONS § 3.01 (2009) ("[C]ompensatory damages include economic injuries, such as medical expenses and lost wages, as well as noneconomic injuries, such as pain and suffering.").

Because it appears the district court's ruling was based on case law construing the earlier, superseded version of the statute, and that the court might well reach a different result construing the amended statute, and because Lewis has defaulted on this appeal, we remand for the district court to consider whether it should vacate its judgment and reinstitute Garland–Sash's claim for noneconomic, as well as for economic, loss.[2]

### 2. *FTCA Exhaustion*

Garland–Sash's challenge to the district court's dismissal of her potential FTCA claims[3] invites us to reconsider established case law holding that the FTCA's exhaustion requirement, *see* 28 U.S.C. § 2675(a), is "jurisdictional." *See, e.g., Celestine v. Mount Vernon Neighborhood Health Ctr.,* 403 F.3d 76, 82 (2d Cir.2005); *Keene Corp. v. United States,* 700 F.2d 836, 841 (2d Cir.1983). We decline to do so here. While we recognize our authority to "reconsider a prior panel's holding if, *inter alia,* an intervening Supreme Court decision ... casts doubt on our controlling precedent," *Loyal Tire & Auto Center, Inc. v. Town of Woodbury,* 445 F.3d 136, 145 (2d Cir.2006), no such doubt is present here. *See, e.g., Rasul v. Myers,* 563 F.3d 527, 528 n. 1 (D.C.Cir.2009) (stating that FTCA exhaustion requirement is jurisdictional); *Lightfoot v. United States,* 564 F.3d 625, 626–27 (3d Cir.2009) (same); *Unus v. Kane,* 565 F.3d 103, 114 n. 16 (4th Cir.2009) (same); *In re Katrina Canal Breaches Litig.,* 345 Fed.Appx. 1, 4–5, 2009 WL 1868980, at *3 (5th Cir.2009) (same); *Marley v. United States,* 567 F.3d 1030, 1035–36 (9th Cir.2009) (same); *Dolan v. United States,* 514 F.3d 587, 593 (6th Cir. 2008) (same); *Turner ex rel. Turner v. United States,* 514 F.3d 1194, 1200 (11th Cir.2008) (same); *Rick's Mushroom Serv., Inc. v. United States,* 521 F.3d 1338, 1347 (Fed.Cir.2008) (same); *see also Ryan v. United States,* 534 F.3d 828, 831 (8th Cir. 2008) (holding that compliance with FTCA statute of limitations is jurisdictional requirement). In *Parrott v. United States,*

---

**2.** Because it seems clear that Lewis's consent to judgment was premised on the district court's ruling limiting damages to $50, we assume the court will not take that consent as a binding admission of liability in the event the court rules that the statute allows for award of noneconomic damages.

**3.** The complaint does not expressly reference the FTCA, but invokes the CFAA and "any other statute, law, regulation, rule or ordinance that the Honorable Court deems to apply." Complaint ¶ 3. Liberally construing Garland–Sash's *pro se* complaint, the district court considered whether she might pursue an FTCA claim. Because we agree with the district court that Garland–Sash cannot sue under the FTCA, we need not decide whether leave to amend would properly be granted for her to name the United States as a party to such an action. *See* 28 U.S.C. §§ 1346(b), 2679(b)(1); *see also Jackson v. Kotter,* 541 F.3d 688, 696–97 (7th Cir.2008) (addressing potential for amendment where plaintiff fails to name United States as party to FTCA action).

the Seventh Circuit ruled that the FTCA exceptions found in 28 U.S.C. § 2680 are not "jurisdictional," construing *McNeil v. United States,* 508 U.S. 106, 112, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993), as holding that FTCA rules are "prerequisites to suit, not jurisdictional barriers," 536 F.3d 629, 634–35 (7th Cir.2008). This case does not help Garland–Sash, however, because this court *has* construed *McNeil* as imposing a jurisdictional requirement, *see Celestine v. Mount Vernon Neighborhood Health Ctr.,* 403 F.3d at 82, and held that the limitations imposed by 28 U.S.C. § 2680 are jurisdictional in nature, *see Diaz v. United States,* 517 F.3d 608, 613–14 (2d Cir.2008).

■ Finally, even assuming that Garland–Sash could benefit from the common-law "mailbox rule" to salvage her FTCA claim, *but see Vacek v. U.S. Postal Serv.,* 447 F.3d 1248, 1252 (9th Cir.2006) ("[V]irtually every circuit to have ruled on the issue has held that the mailbox rule does not apply to [FTCA] claims, regardless of whether it might apply to other federal common law claims."), she has neither alleged nor provided any evidence indicating that an FTCA claim was, in fact, "mailed." *See* Letter from Joyce Garland–Sash to Hon. William H. Pauley III at 1 (Mar. 31, 2006) (asserting that plaintiff "did in fact file a Federal Tort Claim with the B.O.P." (emphasis added)); *see generally Hagner v. United States,* 285 U.S. 427, 430, 52 S.Ct. 417, 76 L.Ed. 861 (1932) ("The rule is well settled that *proof that a letter properly directed was placed in a post office* creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed." (emphasis added)). We also note that the form Garland–Sash claims to have submitted—which itself contains no indication that it was sent via mail—specifically warns that "[a] claim is deemed presented when it is received by the appropriate agency, not when it is mailed." *See* *also* 28 C.F.R. § 14.2(a) (providing that claim is "presented" for FTCA purposes when "receive[d]"). Application of the "mailbox rule" is therefore not appropriate here.

3. *Conclusion*

We have considered plaintiff's additional arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED in part and VACATED in part, and the case is REMANDED for further proceedings consistent with this order.