17-3911-cv
*Cooke v. United States*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2018

(Submitted: October 24, 2018     Decided: March 7, 2019)

Docket No. 17-3911-cv

JESSICA COOKE,

*Plaintiff-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Defendant-Appellee.*\*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

Before:

LIVINGSTON and CHIN, *Circuit Judges*, and CROTTY, *District Judge*.†

---

\*       The Clerk of the Court is directed to amend the official caption to conform to the above.

†       Judge Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from an order of the United States District Court for the Northern District of New York (Suddaby, *J.*), dismissing plaintiff-appellant's amended complaint asserting claims under the Federal Tort Claims Act for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), on the grounds that she failed to exhaust administrative remedies, and the claims therefore were barred by sovereign immunity.

AFFIRMED.

—————————

Stephen L. Lockwood, Stephen L. Lockwood, P.C., *and* Christopher J. Kalil, Law Office of Christopher J. Kalil, Utica, New York, *for Plaintiff-Appellant.*

Karen Folster Lesperance, Assistant United States Attorney, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Albany, New York, *for Defendant-Appellee.*

—————————

CHIN, *Circuit Judge*:

Plaintiff-appellant Jessica Cooke ("Cooke") commenced the action below alleging that agents of the United States Customs and Border Protection Agency ("CBP") wrongfully detained and assaulted her at a highway checkpoint stop. Although she initially purported to assert constitutional, civil rights, and

2

state law claims, including claims against the individual CBP agents, she eventually limited her claims, as set forth in the amended complaint, to tort claims against the United States under the Federal Tort Claims Act (the "FTCA"). On November 7, 2017, the district court dismissed the amended complaint for lack of subject matter jurisdiction, holding that Cooke failed to administratively exhaust her claims, and the claims therefore were barred by the doctrine of sovereign immunity.

On appeal, Cooke principally contends that the common-law mailbox rule applies, such that mailing an administrative claim form satisfies the FTCA's jurisdictional "presentment requirement," even in the absence of proof that the appropriate agency received the claim, because of the presumption that a properly addressed and mailed letter will be delivered in the usual course.

As discussed more fully below, we hold that the mailbox rule does not apply to FTCA claims. Accordingly, the district court's order dismissing the amended complaint is AFFIRMED.

## BACKGROUND

On February 17, 2017, Cooke commenced this action in the district court alleging that on or about May 7, 2015, CBP agents violated her

3

constitutional rights when they violently and forcibly assaulted and tased her during a highway checkpoint stop in St. Lawrence County, New York. In her initial complaint, Cooke asserted claims against the CBP, two named CBP agents, and the United States Department of Homeland Security ("DHS") under the Fourth, Fifth, and Fourteenth Amendments to the Constitution; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1976); and 42 U.S.C. §§ 1981, 1983, 1985, and 1988.

Before serving her complaint, Cooke filed an amended complaint on March 1, 2017 naming the United States as the sole defendant. In the amended complaint, Cooke described her lawsuit as a civil rights action brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1988; the Fourth, Fifth, and Fourteenth Amendments; *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971); and *Monell*. The amended complaint, however, also cited the FTCA, and Cooke's briefing, both in the district court and in this Court, makes clear that she is asserting only tort claims against the United States under the FTCA. Indeed, Cooke's brief on appeal confirms that she is pursuing only her tort claims against the United States -- claims for assault and battery, common law negligence, and failure to intervene.

4

On May 16, 2017, the government moved to dismiss the amended complaint for lack of subject matter jurisdiction, arguing, *inter alia*, that Cooke failed to exhaust her administrative remedies because she did not "first present[]" the claim to the appropriate federal agency as required by the FTCA, 28 U.S.C. § 2675. In support of its motion, the government submitted a May 12, 2017 declaration from Michael D. Bunker, a CBP Assistant Chief Counsel. Bunker explained that pursuant to a CBP directive, dated May 20, 2011, all claims received by CBP for $10,000 or less are to be forwarded to the Office of Assistant Chief Counsel in Indianapolis and all claims exceeding $10,000 are to be forwarded to the Assistant or Associate Chief Counsel who services the office in which the employee whose acts gave rise to the claim is located. All claims are entered into the CBP's Chief Counsel Tracking System ("CCTS"). Bunker further declared that he conducted a CCTS search for Cooke's name and "determined that CCTS contains no records of any claim filed by [Cooke] under the FTCA in the Office of Assistant Chief Counsel, Boston, the Office of Assistant Chief Counsel, Indianapolis, or any other CBP Counsel office." J. App'x at 29-30.

In response to the motion to dismiss, Cooke's counsel submitted a June 12, 2017 affidavit with attached exhibits. Cooke's counsel stated that on

5

April 1, 2016, he "filed" a civil rights complaint form with DHS's Office of Civil

Rights and Civil Liberties (the "CRCL"), detailing Cooke's May 2015 assault by

CBP agents.  J. App'x at 32.  Exhibit A to the letter showed that counsel

addressed the civil rights complaint to the Attorney General in Washington,

D.C., with a copy to:

> Department of Homeland Security
> CRCL/Compliance Branch
> Murray Lane, SW
> Building 410, Mail Stop #0190
> Washington, DC 20528

J. App'x at 36; *see id.* at 32.

On May 31, 2016, Cooke's counsel sent an administrative "Claim for

Damage, Injury, or Death, Standard Form 95" (SF-95), by first class mail, to the

CRCL.  J. App'x at 32.  The back of the SF-95 form contained instructions,

including the following:

> Claims presented under the Federal Tort Claims Act should be
> submitted directly to the "appropriate Federal agency" whose employee(s)
> was involved in the incident. . . .  A CLAIM SHALL BE DEEMED TO
> HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES
> FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL
> REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER
> WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A
> CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO
> OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED

TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

*Id.* at 48.

By counsel's own description, the paperwork was "misdirected" to the DHS/CRCL; the SF-95 was sent not to the CBP or its appropriate Chief Counsel's Office, but to "DHS/CRCL" in Washington, D.C. J. App'x at 32. Moreover, the mailing address omitted the street number (245) from the Murray Lane address. In addition, the affidavit of service by mail, claiming that the SF-95 form was mailed on May 31, 2016, was not executed until almost a year later -- May 30, 2017.

By letter dated June 22, 2016, the CRCL acknowledged receipt of Cooke's April 1, 2016 civil rights complaint, but the agency did not acknowledge receipt of Cooke's SF-95 submission or otherwise make any mention of it. On July 5 and October 17, 2016, Cooke's counsel wrote to the CRCL inquiring into the status of her civil rights complaint, but the letters made no reference to her misdirected SF-95.

On November 7, 2017, the district court granted the government's motion to dismiss the amended complaint, concluding that Cooke had failed to

7

exhaust her administrative remedies under the FTCA because she presented no

evidence that a government agency received the SF-95. [1]

This appeal followed.

## *DISCUSSION*

In reviewing a district court's dismissal for lack of subject matter

jurisdiction, we review factual findings for clear error and legal conclusions *de*

*novo.* *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012). To resolve

jurisdictional issues, we may consider affidavits and other materials beyond the

pleadings, but we cannot rely on conclusory or hearsay statements contained in

the affidavits. *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004).

"The plaintiff bears the burden of proving subject matter jurisdiction

by a preponderance of the evidence." *McGowan v. United States*, 825 F.3d 118, 125

(2d Cir. 2016) (internal quotation marks omitted). The plaintiff likewise bears the

burden of showing that she exhausted her administrative remedies by presenting

her claim to the appropriate federal agency before filing suit. *See* 28 U.S.C. §

2675(a); *Payne v. United States*, 10 F. Supp. 2d 203, 204 (N.D.N.Y. 1998) ("A

---

[1]     The district court also ruled, in the alternative, that the first and second causes of action were barred because they relied on statutes, constitutional provisions, and claims applicable only to state actors and not the United States or federal actors.

8

plaintiff bears the burden of demonstrating that he or she has presented a claim to the appropriate federal agency.") (citing *Keene Corp. v. United States*, 700 F.2d 836, 842 (2d Cir. 1983)); *see also Mora v. United States*, 955 F.2d 156, 160 (2d Cir. 1992) ("[P]resentment is a prerequisite to the institution of a suit under the FTCA.").  In addition, we must strictly construe matters concerning the waiver of sovereign immunity in favor of the government.  *United States v. Sherwood*, 312 U.S. 584, 590 (1941); *McGowan*, 825 F.3d at 126.

Cooke principally argues that the district court erred in dismissing her amended complaint for lack of subject matter jurisdiction because she administratively exhausted her FTCA claim when she mailed her SF-95 to the CRCL.  She does not argue actual receipt of her notice of claim, but relies on the mailbox rule, which is a rebuttable, common-law presumption that a piece of mail, properly addressed and mailed in accordance with regular office procedures, has been received by the addressee.  *Akey v. Clinton Cty.*, 375 F.3d 231, 235 (2d Cir. 2004) (citing *Meckel v. Cont'l Res. Co.*, 758 F.2d 811, 817 (2d Cir. 1985)).  The question presented is whether the presumption of receipt applies to claims brought under the FTCA.  We conclude that it does not.

The United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The Supreme Court has "frequently held" that waivers of sovereign immunity are "to be strictly construed, in terms of [their] scope, in favor of the sovereign." *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999). Moreover, a waiver must be "unequivocally expressed in the statutory text." *Id.* at 261 (internal quotation marks omitted).

One such "limited waiver" of sovereign immunity is provided by the FTCA, which "allows for a tort suit against the United States under specified circumstances." *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007). The FTCA has several jurisdictional requirements, including that a suit "shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a); *see also Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004) ("[A] plaintiff must first file an administrative claim with the appropriate federal agency before suing for relief in federal court."). The contours of this presentment requirement have been clarified through regulation. A plaintiff satisfies the requirement when "a Federal agency *receives* from a claimant . . . an

10

executed Standard Form 95 or other written notification of an incident." 28

C.F.R. § 14.2 (emphasis added).

The Supreme Court has not examined the FTCA's presentment

requirement, nor have we squarely addressed whether the mailbox rule applies

to claims under the FTCA such that mailing notice of a claim satisfies the

statute's presentment requirement. We have recognized, in a summary order,

that the majority of other courts that have addressed the question have held that

the common-law mailbox rule is inapplicable to FTCA claims. *See Garland-Sash v.*

*Lewis*, 348 F. App'x 639, 643 (2d Cir. 2009) (summary order) (citing *Vacek v. U.S.*

*Postal Serv.*, 447 F.3d 1248, 1252 (9th Cir. 2006) ("[V]irtually every circuit to have

ruled on the issue has held that the mailbox rule does not apply to [FTCA]

claims, regardless of whether it might apply to other federal common law

claims.")); *see also Flores v. United* States, 719 F. App'x 312, 317 n.1 (5th Cir. 2018)

("The common law mailbox rule is inapplicable to the FTCA"); *Lightfoot v. United*

*States*, 564 F.3d 625, 628 (3d Cir. 2009) (holding that mailing a FTCA claim does

not satisfy the presentment requirement when the agency did not receive the

claim); *Moya v. United States*, 35 F.3d 501, 504 (10th Cir. 1994) (same); *Bellecourt v.*

11

*United States*, 994 F.2d 427, 430 (8th Cir. 1993) (same); *Drazan v. United States*, 762 F.2d 56, 58 (7th Cir. 1985) (same).

At least one other circuit and one district court in the Second Circuit have applied the mailbox rule to a FTCA claim. *See Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1238-39 (11th Cir. 2002) (holding that the common-law mailbox rule applies to FTCA claims); *Cordaro v. Lusardi*, 354 F. Supp. 1147, 1149 (S.D.N.Y. 1973) (holding that "[p]roof of mailing creates a rebuttable presumption of receipt" under the FTCA). More recently, however, district courts in our circuit, including in the Southern District of New York, have declined to apply the mailbox rule in FTCA cases, instead heeding the Supreme Court's instruction that courts must strictly construe FTCA filing requirements in favor of the government. *See, e.g.*, *Arias-Rios v. U.S. Postal Serv.*, No. CV-07-1052, 2008 WL 11420060, at *2 (E.D.N.Y. July 9, 2008) ("Mere mailing of a notice of claim is insufficient to satisfy the presentment requirement of the FTCA, and proof of actual receipt is necessary."); *Pinchasow v. United States*, 408 F. Supp. 2d 138, 142 (E.D.N.Y. 2006) (holding that the mailbox rule is insufficient to satisfy the FTCA's presentment requirement because waivers of the United States' sovereign immunity must be strictly construed in favor of the government); *Vecchio v.*

12

*United States*, No. 05 CIV. 393, 2005 WL 2978699, at \*4 (S.D.N.Y Nov. 3, 2005) (same).

We now hold that the mailbox rule is inapplicable to claims brought under the FTCA, and that therefore the mere mailing of a notice of claim does not satisfy the FTCA's presentment requirement. The statute and corresponding regulation make clear that actual receipt is required, and applying the mailbox rule to claims under the FTCA would be inconsistent with the principle that waivers of sovereign immunity must be strictly construed and limited in scope in favor of the sovereign. *See Blue Fox, Inc.*, 525 U.S. at 261; *Honda v. Clark*, 386 U.S. 484, 501 (1967) ("[T]he Government is ordinarily immune from suit, and . . . it may define the conditions under which it will permit such actions."); *see also Bailey v. United States*, 642 F.2d 344, 347 (9th Cir. 1981) (rejecting appellants' "invitation to . . . in effect repeal [Section 14.2(a)] by holding that mailing alone is sufficient to meet the requirement that a claim be 'presented'"). Hence, we conclude, as have five circuits and numerous district courts, that a plaintiff in a FTCA case may not invoke the common-law presumption of receipt and that, instead, she must show actual receipt.

In light of our holding that the mailbox rule does not apply to claims under the FTCA, we do not reach the question of whether the requirements of the mailbox rule were met in this case.

*CONCLUSION*

For the reasons set forth above, the district court's order of dismissal is **AFFIRMED**.