18-3783-cv
*Rodriguez v. United States Army*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of December, two thousand nineteen.

PRESENT:     JOSÉ A. CABRANES,
                    RAYMOND J. LOHIER, JR.,
                                *Circuit Judges*,
                    CHRISTINA REISS,
                                *District Judge.*[*]

_____

ROGELIO M. RODRIGUEZ, INDIVIDUALLY, AS
SURVIVING PARENT, AND PERSONAL REPRESENTATIVE
OF THE ESTATE OF VANESA ITZEL RODRIGUEZ
CHAVARRIA, DECEASED; IRIS MARGOT CHAVARRIA
REQUENA, AS SURVIVING PARENT OF VANESA ITZEL
RODRIGUEZ CHAVARRIA, DECEASED; SAMUEL
ANTONIO RODRIGUEZ, AS SURVIVING SIBLING OF
VANESA ITZEL RODRIGUEZ CHAVARRIA, DECEASED,

            *Plaintiffs-Appellants*,

            v.                                                    18-3783-cv

UNITED STATES ARMY, UNITED STATES
DEPARTMENT OF STATE, UNITED STATES OF

_____

[*] Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

AMERICA, UNITED STATES DEPARTMENT OF
DEFENSE,

*Defendants-Appellees*,

v.

OMAR VELEZ-PAGAN,

*Defendant.*

| | |
|---|---|
| **FOR PLAINTIFFS-APPELLANTS:** | Charlie E. Carrillo, Carrillo & Carrillo, LLC, Frederick, MD. |
| **FOR DEFENDANTS-APPELLEES:** | Varuni Nelson and Rachel G. Balaban, Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney, Eastern District of New York, Brooklyn, New York. |

Appeal from an October 29, 2018 judgment of the United States District Court for the Eastern District of New York (Edward R. Korman, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiffs-Appellants, the family and estate of Vanesa Itzel Rodriguez Chavarria ("Rodriguez"), appeal from an October 29, 2018 judgment of the District Court dismissing their tort action for lack of subject-matter jurisdiction. Plaintiffs seek damages pursuant to the Federal Tort Claims Act ("FTCA"), the Alien Tort Claims Act, and the Torture Victim Protection Act for the brutal murder of Rodriguez, a young Panamanian woman who was assaulted and ultimately killed by U.S. servicemember Omar Velez-Pagan in Panama. More specifically, the Amended Complaint asserts claims of negligence, "negligent retention and negligently placing others in danger," wrongful death, and negligent infliction of emotional distress against the United States, U.S. Army, Department of State, Department of Defense, and Velez-Pagan. App'x at 15-20.

The District Court dismissed the claims against the Government for lack of subject-matter jurisdiction and held that it also lacked the authority to exercise supplemental jurisdiction over the claims against Velez-Pagan in his individual capacity. On appeal, Plaintiffs seek only review of the

dismissal of their FTCA claims against the Government. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"In reviewing a district court's dismissal for lack of subject matter jurisdiction, we review factual findings for clear error and legal conclusions *de novo*." *Cooke v. United States*, 918 F.3d 77, 80 (2d Cir. 2019) (citing *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012)). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Id.* (quoting *McGowan v. United States*, 825 F.3d 118, 125 (2d Cir. 2016)).

"The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted); *accord County of Suffolk v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010). The FTCA provides a limited waiver of sovereign immunity for certain tort claims against the Federal Government for money damages. *See* 28 U.S.C. § 1346(b)(1). This statutory waiver is subject to various exceptions, including: (1) the "foreign country exception," 28 U.S.C. § 2680(k), which "bars all claims based on any injury suffered in a foreign country, regardless of where the tortious act or omission occurred," *Sosa v. Alvarez-Machain*, 542 U.S. 692, 712 (2004); and (2) the "intentional tort exception," 28 U.S.C. § 2680(h), which bars all claims arising out of intentional torts (*e.g.*, assault or battery), even if artfully pleaded to sound in negligence, unless the tortfeasor's employment status is irrelevant to the theory of negligence liability, *Guccione v. United States*, 847 F.2d 1031, 1034 (2d Cir. 1988); *accord Sheridan v. United States*, 487 U.S. 392, 401 (1988).

After reviewing the record, we affirm the dismissal of Plaintiffs' FTCA claims for substantially the reasons given by the District Court in its thorough October 26, 2018 Memorandum and Order—specifically, in its analysis concerning the applicability of the "foreign country" and "intentional tort" exceptions. *See Rodriguez v. Velez-Pagan*, 341 F. Supp. 3d 203, 208-10 (E.D.N.Y. 2018). Plaintiffs' FTCA claims arise out of Rodriguez's assault and murder in Panama and Velez-Pagan's supervisors' failure to prevent it. Accordingly, in the absence of an express waiver of sovereign immunity, there is no subject-matter jurisdiction over Plaintiffs' claims against the Government. *See Sherwood*, 312 U.S. at 586.

Because we agree with the District Court's analysis concerning the applicability of the "foreign country" and "intentional tort" exceptions to the FTCA's limited waiver of sovereign immunity, we do not address the remaining bases for dismissal.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the October 29, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3