DLD-154                                                   **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 20-3544
_____

VICTOR WALTHOUR,
Appellant

v.

CITY OF PHILADELPHIA; JOHN W. HERRON; PAUL FELDMAN;
LINDA K. HOBKIRK; PNC BANK

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:20-cv-00068)
District Judge: Honorable Gerald A. McHugh

_____

Submitted on Appellees' Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 15, 2021
Before: JORDAN, KRAUSE, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 26, 2021)
_____

OPINION*
_____

PER CURIAM

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Victor Walthour appeals pro se from the District Court's order dismissing his complaint for lack of subject matter jurisdiction. For the following reasons, we will grant the appellees' motion to summarily affirm.

In January 2020, Walthour filed a complaint in the United States District Court for the Eastern District of Pennsylvania, alleging that forged documents led to the "illegal" sale of property that he had "won in settlement" from a personal injury action involving his incapacitated wife. He named as defendants the City of Philadelphia; Judge John W. Herron, of the Philadelphia County Court of Common Pleas; PNC Bank, the trustee of his wife's estate; Linda Hobkirk, his wife's guardian; and Paul Feldman, a lawyer. Judge Herron, PNC Bank, and the City of Philadelphia filed motions to dismiss, arguing, among other things, that the District Court lacked subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (ECF 8, 12, 13.) Over Walthour's objections (ECF 14, 17), the District Court granted the motions to dismiss, holding that it lacked jurisdiction because no federal question was presented and diversity of citizenship did not exist. (ECF 21 & 22.) Walthour appealed.[1] (ECF 23.)

The City of Philadelphia has moved to summarily affirm the District Court's judgment (Doc. 11), and Feldman has joined that motion (Doc. 12). Walthour objects to summary affirmance. (Doc. 14.)

---

[1] We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise de novo review of orders granting motions to dismiss for lack of jurisdiction. See Metropolitan Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007).

A District Court's jurisdiction may be based on the presentation of a federal question, 28 U.S.C. § 1331, or diversity of citizenship, 28 U.S.C. § 1332(a). The plaintiff must adequately allege a basis for federal jurisdiction by including "a short and plain statement of the grounds for the court's jurisdiction" in the complaint. Fed. R. Civ. P. 8(a)(1); Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 106 (3d Cir. 2015). Walthour's pro se submissions must be construed liberally, Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009), but he still bears the burden of demonstrating subject matter jurisdiction. Davis v. Wells Fargo, 824 F.3d 333, 349 (3d Cir. 2016); see also Cooke v. United States, 918 F.3d 77, 80 (2d Cir. 2019).

For federal question jurisdiction to exist under § 1331, "the party asserting jurisdiction must satisfy the 'well-pleaded complaint rule,' which mandates that the grounds for jurisdiction be clear on the face of the pleading that initiates the case." Goldman v. Citigroup Glob. Mkts. Inc., 834 F.3d 242, 249 (3d Cir. 2016). On a "Designation Form" submitted with his complaint, Walthour checked a box indicating that he was proceeding under a civil rights federal question. But neither the complaint itself nor Walthour's objections to the motions to dismiss referred to any federal law. Although Walthour claims on appeal that the "District Court has federal question jurisdiction of this case pursuant to 42 U.S.C. Section 1983" (Doc. 14, at 1), that conclusory assertion is insufficient to invoke federal jurisdiction. See Beazer E., Inc. v. Mead Corp., 525 F.3d 255, 261 (3d Cir. 2008) (stating that jurisdiction does not attach

3

"where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction[.]") (citing Bell v. Hood, 327 U.S. 678, 682 (1946)).

Walthour has also failed to establish diversity jurisdiction. Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have subject matter jurisdiction when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. Complete diversity means that "no plaintiff can be a citizen of the same state as any of the defendants." Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013). Walthour, at the time that he filed his compliant, was a citizen of Pennsylvania. And, for purpose of federal jurisdiction, the City of Philadelphia is also a Pennsylvania citizen. See Moor v. County of Alameda, 411 U.S. 693, 717-18 (1973). Therefore, the District Court properly concluded that diversity jurisdiction was lacking.[2] Washington v. Hovensa LLC, 652 F.3d 340, 341 (3d Cir. 2011) ("In reviewing a district court's conclusion regarding where a party is domiciled, our review is for clear error as to the court's factual determination but de novo as to the applicable legal principles and the court's conclusions of law.")

---

[2] We also conclude that the District Court did not abuse its discretion in denying Walthour's motions to amend his complaint. As the District Court stated, those proposed amendments would not have cured the jurisdictional defects. See Neiderhiser v. Borough of Berwick, 840 F.2d 213, 216 n.6 (3d Cir. 1988).

For the foregoing reasons, "no substantial question is presented" by this appeal.

3d Cir. L.A.R. 27.4.  Accordingly, we grant the appellees' motion and will summarily

affirm the District Court's judgment.