20-3427-cv
*Shields v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand twenty-one.

PRESENT: GUIDO CALABRESI,
WILLIAM J. NARDINI,
*Circuit Judges*,
GARY S. KATZMANN,
*Judge.*[*]

—————————————————————

Antonia W. Shields,

*Plaintiff-Appellant*,

v.                                                            No. 20-3427

United States,

*Defendant-Appellee*.

—————————————————————

For Plaintiff-Appellant:                          Antonia W. Shields, *pro se*,
                                                              Saratoga Springs, NY

For Defendant-Appellee:                        No appearance

---

[*] Judge Gary S. Katzmann, of the United States Court of International Trade, sitting by designation.

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *C.J.*; Christian F. Hummel, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**, but the case is **REMANDED** for the court to amend its judgment and enter dismissal without prejudice.

Antonia W. Shields, *pro se*, sued the United States, asserting that the district court's dismissal of a prior lawsuit under 28 U.S.C. § 1915 and a local rule violated 28 U.S.C. § 453 because the court applied a higher standard of review to her allegations based on her *in forma pauperis* status and mislabeled her a "prisoner." The district court *sua sponte* dismissed the complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B), holding that it was barred by sovereign immunity and failed to state a claim. The court denied leave to amend as futile. Shields now appeals the district court's judgment and moves for a stay of this Court's mandate so she can file a petition for a writ of certiorari in the U.S. Supreme Court. We assume the reader's familiarity with the case.

We review *de novo* a district court's *sua sponte* dismissal of a complaint under 28 U.S.C. § 1915(e)(2)(B) and its determination of its subject matter jurisdiction, including whether sovereign immunity exists. *Zaleski v. Burns*, 606 F.3d 51, 52 (2d Cir. 2010) (dismissal of complaint); *Filler v. Hanvit Bank*, 378 F.3d 213, 216 (2d Cir. 2004) (subject matter jurisdiction determination). A district court must construe *pro se* filings "liberally

2

and interpret them 'to raise the strongest arguments that they suggest.'" *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

The district court correctly held that sovereign immunity deprived it of subject matter jurisdiction over Shields's complaint. We begin with two points of law: first, "[t]he United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued," *Cooke v. United States*, 918 F.3d 77, 81 (2d Cir. 2019); and second, the plaintiff has the burden of showing that subject matter jurisdiction exists, *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003). Shields never alleged in her complaint that the United States waived sovereign immunity and consented to be sued pursuant to the statutes under which she asserted claims (28 U.S.C. §§ 453 and 1915). Mere references to sovereign immunity in her complaint and in her objections to the magistrate's report and recommendation failed to establish subject matter jurisdiction, which requires "a clear statement from the United States waiving sovereign immunity." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003). Shields's argument on appeal—that the district court had jurisdiction because she raised a federal question—is also unavailing. While she may have raised a federal question, she asserted her claim against the federal government, which is immune from suit and has not waived its immunity. We decline to consider Shields's other arguments on sovereign immunity—that 28

3

U.S.C. § 1346(a)(2) waives sovereign immunity here and that sovereign immunity violates her right to petition the government under the First Amendment—both of which she raises for the first time on appeal. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994).[2]

However, while the district court properly held that it lacked subject matter jurisdiction over Shields's complaint, it erred in dismissing the complaint with prejudice. Dismissals for lack of subject matter jurisdiction must be without prejudice. *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017).

We deem abandoned any argument that the district court erred in denying Shields leave to amend her complaint because she does not raise this point in her appellate brief. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

Finally, we deny Shields's motion to stay our mandate pending her anticipated petition to the Supreme Court for a writ of certiorari on the question of whether 28 U.S.C. § 1915(g) violates the First Amendment. Federal Rule of Appellate Procedure 41(d)(1) requires such a motion to "show that the petition would present a substantial question and that there is good cause for a stay." Given the lack of subject matter jurisdiction over her complaint, her failure to raise this question before the district court, and the fact that her claims are undeveloped, we hold that Shields fails to meet her

---

[2] We likewise do not consider Shields's argument raised for the first time on appeal that the district court violated her equal protection rights when it dismissed her lawsuit under 28 U.S.C. § 1915.

4

burden for such relief.

We have considered Shields's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court, **REMAND** for entry of an amended judgment dismissing the case without prejudice, and **DENY** Shields's motion for a stay.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court