*Joseph v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# CORRECTED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand twenty-five.

Present:
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

---

JOANNA A. JOSEPH, SANTFORD RUCKER,

> *Plaintiffs-Appellants*,

v.                                                          24-775

UNITED STATES OF AMERICA, UNITED STATES POSTAL SERVICE,

> *Defendants-Appellees.*\*

---

FOR PLAINTIFFS-APPELLANTS:          DENISE A. RUBIN, Rubin Law PLLC, New York, N.Y.

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

FOR DEFENDANTS-APPELLEES:           PHILIP R. DEPAUL (Rachel G. Balaban, Varuni Nelson *on the brief*), Assistant United States Attorneys, Of Counsel, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gonzalez, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Joanna Joseph and Santford Rucker appeal from the district court's grant of summary judgment to Defendant-Appellee United States of America on their Federal Torts Claim Act ("FTCA") claim.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the District Court's entry of summary judgment de novo. Summary judgment is appropriate when, construing the evidence in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Rojas v. Roman Cath. Diocese of Rochester*, 660 F.3d 98, 104 (2d Cir. 2011) (cleaned up).

We conclude that the district court properly granted summary judgment. Under the FTCA, a "tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues," 28 U.S.C. § 2401(b), and "a claim shall be deemed to have been presented when a Federal agency receives

---

[1] The district court also granted the United States Postal Service's motion to dismiss for lack of subject-matter jurisdiction. Plaintiffs do not contest this dismissal on appeal.

from a claimant . . . written notification of an incident," 28 C.F.R. § 14.2(a). *See Cooke v. United States*, 918 F.3d 77, 82 (2d Cir. 2019) ("The statute and corresponding regulation make clear that actual receipt is required.").

Here, Plaintiffs failed to create a genuine dispute as to whether the appropriate agency actually received their notice of claim within two years of when the claim accrued. Plaintiffs contend that process server Zanekee Pow provided the United States Postal Service with a notice of their claim a day before the FTCA's two-year limitations period ended, but Pow's affidavits do not permit a reasonable juror to find for Plaintiffs.

First, Pow's affidavits are inconsistent and contradictory. Pow claims to have given Plaintiffs' notice of claim to someone named "S. Pilna," but his 2021 and 2023 affidavits are inconsistent as to whether S. Pilna is a man or woman. Moreover, Pow states in his 2023 affidavit that S. Pilna gave Pow a stamped copy of the notice of claim, but Plaintiffs fail to produce that stamped copy. These "inconsistent and contradictory statements transcend credibility concerns and go to the heart of whether the party has raised *genuine* issues of material fact." *Rojas*, 660 F.3d at 106.

Second, Pow's affidavits do not refute the government's evidence that the United States Postal Service did not receive the notice of claim within the limitations period. In fact, the record shows that no person with the surname "Pilna" worked in the government building where Pow claims to have served the notice of claim. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court

3

should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

We have considered Plaintiffs' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court