*Carroll v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand twenty-six.

PRESENT:
> RICHARD C. WESLEY,
> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

———————————————————————

ROBERT CARROLL,

> *Plaintiff-Appellant*,

> v.                                                             No. 25-1647

UNITED STATES OF AMERICA,

> *Defendant-Appellee*.

———————————————————————

**For Plaintiff-Appellant:**                    Robert Carroll, *pro se*, Connelly, NY.

**For Defendant-Appellee:**                     Karen Folster Lesperance, Assistant United States Attorney, *for* John A. Sarcone III, Acting United States Attorney for the Northern District of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Robert Carroll, proceeding *pro se*, appeals from the district court's dismissal of his complaint for lack of subject-matter jurisdiction and its denial of his request to file a second amended complaint. In essence, Carroll alleges that the staff of the Samuel S. Stratton Department of Veterans Affairs Medical Center in Albany, New York failed to diagnose and treat a cyst that led to medical complications, in violation of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671–2680. We assume the parties' familiarity with the underlying facts, procedural

2

history, and issues on appeal, to which we refer only as necessary to explain our decision.

"When reviewing the dismissal of a complaint for lack of subject[-]matter jurisdiction, we review factual findings for clear error and legal conclusions *de novo*, accepting all material facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012). And "when denial of leave to file a revised [complaint] is based on a legal interpretation, such as futility, a reviewing court conducts a *de novo* review." *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164 (2d Cir. 2015). Finally, because Carroll "has been *pro se* throughout," we construe "his pleadings and other filings . . . to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

As a sovereign nation, the United States – and its departments and agencies – may not be sued without its consent. *E.g.*, *Maine Cmty. Health Options v. United States*, 590 U.S. 296, 322 (2020) ("The United States is immune from suit unless it unequivocally consents."). The FTCA provides a limited waiver of sovereign immunity for claims seeking damages for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or

3

employment. 28 U.S.C. § 1346(b)(1); *see also Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). But before suing under the FTCA, a plaintiff must exhaust administrative remedies by "first present[ing] the claim to the appropriate federal agency . . . within two years of the date the claim accrued." *Phillips v. Generations Fam. Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013); *see* 28 U.S.C. § 2401(b). The notice of claim "must provide enough information to permit the agency to conduct an investigation and to estimate the claim's worth." *Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998). And because the FTCA's "requirement" to exhaust administrative remedies "is jurisdictional and cannot be waived," district courts lack subject-matter jurisdiction whenever a plaintiff fails to exhaust those remedies. *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

Here, Carroll failed to exhaust his claims with the United States Department of Veterans Affairs ("VA") in a timely manner. While Carroll eventually filed a notice of claim (an "SF-95") with the VA in 2022, the notice attached to his original complaint acknowledged on its face that Carroll learned of the previously undiagnosed cyst that caused his injuries in 2018, when he had a second MRI and was referred to a neurosurgeon. Because the SF-95 was filed more than four years

4

after the claim accrued in 2018, it was clearly untimely under the FTCA's two-year exhaustion requirement. *See* 28 U.S.C. § 2401(b); *Ulrich v. Veterans Admin. Hosp.*, 853 F.2d 1078, 1080 (2d Cir. 1988) ("An FTCA action accrues when the plaintiff in the exercise of reasonable diligence knows both the existence and the cause of his injury.").

After commencing this lawsuit, Carroll changed his story, asserting that his original SF-95 was mistaken and that he actually did not learn of the cyst – and the VA's alleged malpractice – until October 2020. *See* Dist. Ct. Doc. No. 8 at 7 ("The plaintiff was not aware of the existence of the synovial cyst until the second lumbar MRI performed on 10/23/2020"); *id.* at 8 (alleging that "the second MRI on 10/23/2020 [was] the earliest he could have suspected that the cyst was the cause of the increasingly severe lower back pain and that the defendants had committed medical malpractice."). But even if we accept Carroll's new chronology at face value, his SF-95 was "received by" the VA "in November 2022," *id.* at 12, which was still more than two years after he learned of the cyst and came to believe "that the defendants had committed medical malpractice," *id.* at 8; *see also id.* at 3 (acknowledging that the VA received "plaintiff's SF-95 *in 11/2022*" (emphasis

5

added)).[1]   We therefore see no error in the district court's dismissal of Carroll's claim.

Finally, the district court correctly denied Carroll's request to file a second amended complaint.   As the district court explained, Carroll's proposed amendments – which largely reiterated the allegations in his first amended complaint – "would not cure the deficiencies in this action," namely his failure to exhaust his administrative remedies within two years of the claim's accrual. App'x at 61.   Because amendment would have been futile, the district court was justified in denying the request to file an amended pleading.   *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("[A] futile request to replead should be denied.").

We have considered Carroll's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Unlike other causes of action, the FTCA requires that plaintiffs allege (and subsequently "show") "actual receipt" of their mailings to federal agencies in order to satisfy the statute's exhaustion requirement.   *Cooke v. United States*, 918 F.3d 77, 82 (2d Cir. 2019).   As in *Cooke*, we rely on the receipt date as alleged in the operative complaint – here, November 2022.   *See id.* at 80–81.